the industrial zoning status that existed when the pollution occurred, and, if so, whether such a determination implicates US Const, Am V; Const 1963, art 10, § 2; or any other federal or state constitutional provision.

CORRIGAN, J. I join the statement of Justice MARKMAN.

KLIDA V BRAMAN, No. 136535; reported 278 Mich App 60.

MARKMAN, J. (*concurring*). Because I believe that the Court of Appeals reached the right result, I concur in this Court's order denying leave to appeal. I write separately only to point out that the Court of Appeals, in my judgment, erroneously held that § 5851(1) of the Revised Judicature Act (RJA), MCL 600.5851(1), is "ambiguous." To the contrary, the RJA clearly states that a minor shall have one year after the disability is removed to "bring an action under this act," and a breach of contract action is clearly an action brought under the RJA. A statute is not "ambiguous" merely because a term or phrase therein is subject to multiple definitions or understandings. See *Lansing Mayor v Pub Service Comm*, 470 Mich 154, 164-166 (2004). A clear understanding of what is and what is not "ambiguous" is an element in minimizing the exercise of discretionary and standardless judicial power.

CORRIGAN and YOUNG, JJ. We join the statement of Justice MARKMAN.

*In re* BEAN (DEPARTMENT OF HUMAN SERVICES V HERRIN), No. 138102; Court of Appeals No. 285467.

*Summary Disposition February 6, 2009:*

PEOPLE V GRAYS, No. 137244. Pursuant to MCR 7.302(G)(1) and 7.316(A)(1), in lieu of granting leave to appeal, we vacate the defendant's conviction of second-degree murder. See *People v Clark*, 243 Mich App 424, 429 (2000), lv den 465 Mich 863 (2001). In all other respects, leave to appeal is denied, because we are not persuaded that the remaining questions presented should be reviewed by this Court. Court of Appeals No. 277866.

KELLY, C.J. I would grant leave to appeal.

*Rehearing Denied February 10, 2009:*

TOMECEK V BAVAS, No. 134665; reported below: 276 Mich app 252.

YOUNG, J. (*dissenting*). I would grant the defendant-appellant's motion for rehearing.

This case came before us on cross-motions for summary disposition and involved discerning whether the grantors of the plaintiffs' "easement for driveway purposes" intended the plaintiffs to have access to utilities along that easement. The formulation of the issues in controversy has sharpened with each successive appeal, and the trial court did not properly have the issue of the grantors' intent before it. The ambulatory nature of this appeal thus prevented the parties from litigating at trial the precise questions that a finder of fact should have determined. For this reason, I believed, and continue to believe, that the majority was